No. 903
INDUSTRIAL COMMISSION v. EVERETT
Ohio Supreme Court
No. 17775. Decided June 26, 1923
To Appear in —— Ohio State Reports

**384. WORKMEN'S COMPENSATION.**

Independent contractor who neither contributes to state insurance fund nor employs five or more workmen, is not subject to provisions of Compensation Act. (For official Syllabus, see below.)

JONES, J.

### Epitomized Opinion

Ohio Service Co. employed Craig to dig a ditch from its service line to the corner of its office building, and agreed to pay him therefor $1 per hour. He was not contributing to the state insurance fund and did not employ five or more persons regularly. Craig engaged one Simmons and another to dig the trench. The evidence disclosed that after Simmons had dug the trench to the corner of the building, officers of the Service Co. instructed him to extend the trench under the building, and in doing this he came in contact with an electric wire and was instantly killed. A claim for compensation was denied by the Industrial Commission and a petition was filed in Tuscarawas Common Pleas, which rendered judgment for the Commission and Service Co. on motion to arrest the case from the jury. This judgment was reversed by the Court of Appeals. The Compensation Act provides (Sec. 1463-60 GC.) that every person, firm and corporation, regularly employing five or more workmen, shall be subject to the Act. 1465-61 GC. provides that every person in the service of an independent contractor, who neither contributes to the state insurance fund nor employs five or more workmen regularly, shall be considered as the employee of the person who has entered into contract with the independent contractor unless such person elects to regard the independent contractor as the employer. In affirming the judg-

ment of the Court of Appeals, the Supreme Court held, in official Syllabus, 27 Abs. 499, which reads as follows:

1. "An employee of an independent contractor who neither contributes to the state insurance fund nor employed five or more workmen, does not come under the provisions of Sec. 1465-61 GC. and cannot be considered as the employe of the person who entered into a contract with such independent contractor."

Any other view than here expressed would give a single employee of an independent contractor compensation, but would give no compensation if he were an employee of a person not an independent contractor employing less than five workmen."

2. "It is clear from the record that there was some positive and direct testimony offered by the plaintiff tending to show that Simmons was in fa in the employ, direction and control of the Service Co. at the time of his injury. The Court of Appeals did not err in reversing the trial court for arresting the testimony from the jury at the close of plaintiff's evidence."

Attorneys—C. C. Crabbe, Atty. Gen., R. R. Zurmehly, J. G. Price, Columbus, James E. Patrick, Pros. Atty., and R. Bowers, New Philadelphia, for Industrial Commission.

---

No. 904
STATE ex rel HUNT, etc., v. INDUSTRIAL COMMISSION
Ohio Supreme Court
No. 17824. Decided June 5, 1923

**384. WORKMEN'S COMPENSATION.**

Assignment of award by compensation claimant to employer allowed.

WANAMAKER, J.

### Epitomized Opinion

Connors, who was injured in the employ of relator, obtained an award for medical expenses, etc., of $482.14 from the Industrial Commission. He thereafter delivered to the relator an order on the Industrial Commission stating that in consideration of $512 he assigned all his right and title to compensation under this claim to the relator. This included the right to further allowances made by the Commission. Notice of this assignment was given the Industrial Commission, which three days later by mistake issued a voucher to Connors for $194.14. This proceeding was brought for a writ of mandamus on the Industrial Commission for payment to the relator of $194.14. Held:

The assignment was valid. Industrial Commission cannot escape liability for this mistake because it is engaged in the public service. Writ allowed.

Attorneys—Thompson, Hine & Flory, Cleveland, for relator; C. C. Crabbe, Atty. Gen., and R. R. Zurmehly, Columbus, for Industrial Commission.